


**FILED**

**May 15, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:15 P.M.**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Samuel Panzarella | ) | Docket No.   2015-01-0383 |
| | ) | |
| v. | ) | State File No. 79681-2015 |
| | ) | |
| Amazon.com, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

---

### Affirmed and Certified as Final - Filed May 15, 2017

---

Following a compensation hearing, the trial court entered an interlocutory order awarding temporary disability and medical benefits, and the employer appealed. We vacated the trial court's order and remanded the case to the trial court with instructions to enter an order on the merits of the case. Upon remand, the trial court concluded the employee had not proven the compensability of his claim by a preponderance of the evidence because the authorized physician's opinion was insufficient to satisfy the statutory requirements of Tennessee Code Annotated section 50-6-102(14) (2016). Employee has appealed, asserting the trial court erred in denying benefits and arguing he met his burden of establishing that his injury arose primarily out of his employment. We affirm the trial court's decision, dismiss the employee's claim, and certify the trial court's order as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, joined; Judge Timothy W. Conner concurred in part and dissented in part.

Robert A. Wharton, Jr., Chattanooga, Tennessee, for the employee-appellant, Samuel Panzarella

Kristen C. Stevenson, Knoxville, Tennessee, for the employer-appellee, Amazon.com, Inc.

**Factual and Procedural Background**

This is the second appeal in this matter, the first having occurred after the trial court issued an interlocutory order on November 23, 2016, finding Samuel Panzarella ("Employee") was "likely to prevail at a hearing on the merits in establishing that his injury arose primarily from a hazard incident to his employment at [Amazon.com, Inc. ("Employer")]." Because the trial court had conducted a compensation hearing rather than an expedited hearing, we vacated the November 23, 2016 order and remanded the case to the trial court to issue a compensation hearing order.[1] In that opinion, we summarized the pertinent facts as follows:

> [Employee] alleged that he suffered an injury to his left knee arising primarily out of and occurring in the course of his employment with [Employer]. He alleged that while he was working third shift on the night of August 20-21, 2015, he bent down to pick up a piece of paper from the floor and twisted his knee, causing him to fall to his knees with his left knee hitting the floor before his right knee. He reported the injury immediately and sought first aid at AmCare, Employer's on-site clinic. In a Non-Occupational Complaint Report Employee completed at AmCare, he stated the reason for his visit was "muscle spasms in calf that radiate to behind the knee, caused loss of balance two times."
>
> The following morning, Employee sought treatment from his primary care provider, a physician's assistant at Fast Access Healthcare. He complained of left leg and knee pain that began at work. He reported that he had chronic pain in his right ankle and that "compensating on [his left] leg [] caused a fall onto [his left] knee." After four visits with the physician's assistant, an MRI was obtained that indicated a possible meniscal injury, and on September 22, 2015, the physician's assistant referred Employee for an orthopedic evaluation. Although the record is unclear as to Employee's selection of a panel physician, it appears that Employee chose Dr. Barry Vaughn from a panel given to him verbally while on a conference call with his attorney and Employer's insurance carrier.
>
> Employee saw Dr. Vaughn on November 24, 2015. The report of the visit includes the following:
>
> > Patient reports leaning forward to pick up a piece of paper at work. When he twisted his left knee, he felt a tearing

---

[1] *Panzarella v. Amazon.com, Inc.*, No. 2015-01-0383, 2017 TN Wrk. Comp. App. Bd. LEXIS 5 (Tenn. Workers' Comp. App. Bd. Jan. 18, 2017).

2

sensation in the posteromedial aspect. His knee then gave way and he fell onto the knee applying a valgus stress to the knee. He has had left knee pain with swelling, popping and giving way since the injury. He was seen by his primary care physician . . . [and] also had MRI. Exam is auspicious for medial meniscus tear as well as MCL sprain.

Dr. Vaughn recommended surgery, but Employer authorized no additional medical care. On January 22, 2016, Employer denied the claim, asserting that Employee's injury was idiopathic.

Employee filed a petition for benefit determination on November 6, 2015. At an initial hearing on February 1, 2016, the parties advised the court that Employee was seeking medical and temporary disability benefits and that the case was, therefore, not ready for setting deadlines typically included in initial hearing orders. Nonetheless, in an order entered on February 4, 2016, the parties agreed to specific scheduling dates, including a February 5, 2016 date for Employee to "file a Request for Expedited Hearing form contemporaneously with a signed affidavit." The order stated that "[c]ontingent upon [Employee] timely filing a Request for Expedited Hearing, the parties agreed to schedule an Expedited Hearing in this matter." It set the expedited hearing for April 27, 2016, and included specific discovery deadlines in anticipation of that hearing.

On April 5, 2016, Employer requested a status conference, as Employee had not filed a request for an expedited hearing and had not responded to discovery within the timeframes as previously ordered. On April 6, 2016, the court issued an order scheduling an initial hearing on April 27, 2016, the date that the expedited hearing had previously been set, noting that Employee's counsel did not "want an expedited hearing" and that Employee "violated the Agreed Order entered . . . on February 4, 2016" by failing to file a request for expedited hearing. The court's April 6, 2016 order additionally noted Employee's "readiness to proceed with a 'real trial.'" On May 2, 2016, an initial hearing order was issued scheduling the case for a trial on the merits on July 28, 2016. The order additionally established dates by which the parties were to complete discovery and various procedural matters.

On July 5, 2016, the trial court amended the initial hearing order, observing that Employee's attorney had requested the July 28, 2016 trial be postponed due to family circumstances. The order rescheduled the trial for September 20, 2016, and noted the parties' agreement to depose Dr. Vaughn on July 13, 2016 and to participate in mediation by August 19,

2016. In addition, the order provided that pre-hearing statements would be filed on or before September 6, 2016. On September 19, 2016, the trial court issued an order cancelling the September 20, 2016 trial due to Employee's failure to file the documents required by the court's previous orders that were necessary to proceed with a trial. Ultimately, a trial was held on October 28, 2016. On November 23, 2016, the trial court issued an expedited hearing order finding that "the disputed issue of permanent partial disability is not ripe for decision and, therefore, [the court] cannot enter a final order resolving all disputed issues." The court determined that "[b]ecause the evidence submitted at the hearing did not address the permanency of [Employee's] injury, the Court cannot consider the October 28 hearing to be a Compensation Hearing." The court also determined that Employee was likely to prevail at a hearing on the merits in establishing he suffered a compensable injury and awarded temporary disability and medical benefits.

Finding that "the trial court did not have the discretion following a trial on the merits to treat the proceeding as an expedited hearing, and that Employer was prejudiced by the trial court's decision to do so after the fact," we vacated the trial court's order and instructed the trial court to render a decision on the merits of the case as presented at the October 28, 2016 compensation hearing. Upon remand, the trial court concluded Employee had not established his entitlement to workers' compensation benefits by a preponderance of the evidence. Accordingly, the trial court denied Employee's claim, and Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)   Violate constitutional or statutory provisions;
(B)   Exceed the statutory authority of the workers' compensation judge;
(C)   Do not comply with lawful procedure;
(D)   Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
(E)   Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

4

**Analysis**

Employee identifies one central issue on appeal: whether the trial court "erred in determining that [Employee] had failed to meet his burden of proof to establish that his left knee condition arose primarily from his employment." In support of his argument, Employee asserts that the proof he presented to the trial court, which the trial court previously found sufficient to satisfy the less stringent standard of proof at an expedited hearing, should also be sufficient at a hearing on the merits of the case to establish by a preponderance of the evidence his entitlement to workers' compensation benefits.

Tennessee Code Annotated section 50-6-239(c)(6) specifies that "the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." By contrast, at an expedited hearing addressing "disputes over issues provided in the dispute certification notice concerning the provision of temporary disability or medical benefits," a judge may award such benefits prior to trial "upon determining that the injured employee would likely prevail at a hearing on the merits." Tenn. Code Ann. § 50-6-239(d)(1).

We first addressed these differing burdens of proof in *McCord v. Advantage Human Resourcing*, where we stated:

> Thus, subsection 239(d)(1) establishes a different standard of proof for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. Contrary to Employer's position, an employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, as reflected in the plain language of subsection 239(d)(1), the judge may issue an interlocutory order upon determining that the employee would likely prevail at a hearing on the merits.

*McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Work. Comp. App. Bd. LEXIS 6, at *7-8 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). We held in *McCord* that "an employee need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to temporary disability or medical benefits, but must instead present evidence sufficient for the trial court to conclude that the employee would likely prevail at a hearing on the merits." *Id.* at *9. We subsequently described the burden of proof on an employee in an expedited hearing as a "lesser evidentiary standard." *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

"However, at a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that

5

he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff*, No. 2014-05-0005, 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Tenn. Workers' Comp. App. Bd. Nov. 9, 2015) (citations omitted).[2] It is well-established that an employee may obtain benefits at an expedited hearing on the basis of a "lesser evidentiary standard" than that required at a compensation hearing or a trial on the merits. Therefore, while the proof admitted by the trial court may have been sufficient to allow Employee to recover benefits at an expedited hearing, the question is whether the proof is sufficient to allow him to recover at a trial on the merits of the case.[3] The trial court concluded it was not, and we agree.

We addressed whether the proof was sufficient to establish a compensable injury under a similar set of circumstances in *Willis*. In that case, the employee suffered a knee injury when rising from a squatting position that he was required to assume in order to perform parts of his job duties. *Id.* at *2. After conducting a compensation hearing in that case, the trial court concluded that the employee's job

> presented a special hazard given that he had to squat down in a confined area while tying the wire and that this condition "contributed more than fifty percent in causing his injury." The trial court also found that medical proof of causation was unnecessary because Employee suffered an obvious injury. In the alternative, the trial court ruled that [the authorized physician's] testimony satisfied the medical causation standard.

*Id.* at *7. We reversed, finding the employee had not suffered an injury so obvious that medical proof of causation was unnecessary and that he had not established that his injury arose primarily out of his employment. *Id.* at *26-28.

In *Willis*, we were persuaded, in part, by the authorized physician's testimony that the injury could have happened when moving from a squatting position to a standing position regardless of the employee's location, and that his body mechanics and weight could have contributed to the injury. *Id.* at *20, 24. Importantly, we also observed that the record was "devoid of evidence establishing that the employment contributed more than fifty percent in causing the injury considering all causes." *Id.* at *25.

The facts in the instant case concerning the mechanism of injury are similar. Dr. Vaughn, the authorized physician, testified that Employee's description of the injury "[was] that it occurred at work," and "that it was my presumption that it occurred at the time [Employee] stated." Dr. Vaughn was asked, "if [Employee] had not bent over to pick up the paper, do you think his knee would have gone out at that particular point,"

---

[2] *Willis* is currently pending review in the Tennessee Supreme Court.

[3] We make no finding regarding whether the proof was sufficient for Employee to prevail at an expedited hearing.

and he responded "[n]o." He was also asked "[w]hether or not the paper was there, the act of bending over could have caused the same giving way of the knee or leg and him to fall." Dr. Vaughn responded: "Correct. It kinds of depends on the position that he put himself in to retrieve the paper. I mean, essentially, if he kept his knee straight, it would be more likely to twist it. I mean, basically, it depends on how the action was performed. But yes." He was asked, "[s]o it would depend on the action as opposed to whether or not there was a piece of paper in the floor or he was bending down to tie his shoes; correct?" Dr. Vaughn responded, "[c]ertainly the action is what's responsible, correct."

Tennessee Code Annotated section 50-6-102(14)(B) provides that "[a]n injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). We do not conclude that a physician must use particular words or phrases included in the statutory definition of "injury" to establish the requisite medical proof to succeed at trial. Thus, a physician may render an opinion that meets the legal standard espoused in section 50-6-102(14) without couching the opinion in a rigid recitation of the statutory definition. What *is* necessary, however, is sufficient proof from which the trial court can conclude that the statutory requirements of an injury as defined in section 50-6-102(14) are satisfied. Here, Employer contends the trial court correctly found that Employee's medical proof failed to satisfy the statutory requirement to establish that the injury "arises primarily out of . . . the employment . . ., considering all causes." While the issue is arguably close, we find the preponderance of the evidence supports the trial court's determination.

Employee testified that he visited Employer's on-site medical facility on the night in question and completed a document titled "Non-Occupational Complaint Report" on which he wrote the following as the reason for his visit: "Muscle spasm in calf that radiat [sic] to behind knee. Caused loss of balance 2 times." He admitted on cross-examination that although he testified he fell on his left knee when he bent down to pick up the paper and fell a second time while walking to the on-site facility, he did not include that information in the Non-Occupational Complaint Report. When he completed his shift the next morning he went to his primary care provider, giving a "chief complaint" of "leg pain, legs 'buckle' fell to the floor," and he reported "chronic pain in [right] ankle, compensating on [left] leg caus[ing] a fall onto [left] knee." He testified the physician's assistant wrote the information on the report, but that he reported the information to her. When he saw the physician's assistant three days later, he continued to complain about pain in his right foot, and the physician's assistant obtained x-rays of Employee's right foot and left knee.

Dr. Vaughn testified that Employee reported a twist before he fell on his knee. He testified his diagnosis was consistent with the type of injury reported to him, and that "[u]sually a meniscus tear is caused by a twisting-type injury." Dr. Vaughn

7

acknowledged that Employee gave a history to his primary care provider the morning after the incident that "he had leg pain, his legs buckled, and he fell to the floor," and that the records of the initial visit with the primary care provider documented that Employee "mentioned his chronic pain in his right ankle compensating on left leg and caused a fall on left knee." Additionally, Dr. Vaughn acknowledged that Employee was overweight, which he agreed could be a factor in Employee losing his balance and falling while bending over. While testimony as to what "could be" a factor contributing to an injury falls short of establishing a contributing cause of an injury, we are not at liberty to disregard the express statutory language that an injury "'arises primarily out of . . . the employment' *only* if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (emphasis added). Here, the evidence unquestionably established that Employee's injury occurred in the course and scope of his employment, but it failed to establish that the employment contributed more than fifty percent in causing the injury, considering all causes, as the statute plainly requires. Thus, we conclude that the preponderance of the evidence supports the trial court's determination that Employee failed to establish a compensable injury. We further conclude that the trial court's determination does not violate any of the standards set forth in Tennessee Code Annotated section 50-6-217(a)(3).

**Conclusion**

For the foregoing reasons, we affirm the trial court's January 31, 2017 order declining to award benefits, dismiss Employee's claim, and certify the trial court's order as final.

8



FILED

May 15, 2017

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 12:15 P.M.

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Samuel Panzarella | ) | Docket No.   2015-01-0383 |
| | ) | |
| v. | ) | State File No. 79681-2015 |
| | ) | |
| Amazon.com, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Audrey A. Headrick, Judge | ) | |

_____

**Opinion Concurring in Part and**
**Dissenting in Part – Filed May 15, 2017**

_____

Conner, Timothy W., J., concurring in part and dissenting in part.

While I agree that Employee's decision to proceed with a compensation hearing prior to the date he reached maximum medical improvement was fatal to his claim for permanent disability benefits, I do not believe it was fatal to his claim for reasonable and necessary medical benefits and temporary disability benefits.

In its expedited hearing order, which we vacated in the prior appeal, the trial court reasoned that "the important inquiry here is *not* what caused [Employee's] knee to give way.  The pertinent question is what *caused* the knee injury.  [Employee's] unrefuted testimony is that [Employer's] policy required its employees to pick up paper lying on the floor and instructed them on the proper manner to do so.  Those duties fall within the course and scope of [Employee's] employment."  (Emphasis in original.)  I agree with this reasoning.  While the standard of proof at an expedited hearing is not the same as the standard of proof at a trial on the merits, the underlying question is the same: did Employee come forward with sufficient evidence, under whichever standard of proof is applicable, that his meniscal injury arose primarily from the work accident?  The trial court's expedited hearing order was vacated because the parties requested and received a final hearing on the merits but the trial court applied the lesser standard of proof for an expedited hearing.  Applying the correct standard of proof, I believe Employee came forward with sufficient proof of a compensable medial meniscal injury.

It is well-established in Tennessee that an injury arises out of and in the course and scope of employment if the accident that caused the injury stemmed from an "incident" or "condition" of employment. For example, in *Warren v. Auto-Owners Ins. Co.*, No. W2003-02017-WC-R3-CV, 2004 Tenn. LEXIS 573 (Tenn. Workers' Comp. Panel June 21, 2004), the employee worked as an auto mechanic and alleged he felt symptoms and heard a loud pop in his foot as he stepped out of a car after a test drive. *Id.* at *3. At trial, the employer argued that the employee's injury was idiopathic and not compensable. *Id.* at *9. However, the trial court disagreed, concluding that "[t]his was an activity other than just walking from one place to another. He was actually twisting and getting out of the car. He said that his ankle rolled." *Id.* at *10. On appeal, the Special Workers' Compensation Appeals Panel agreed that the injury arose from a condition of employment and affirmed the finding of compensability. *Id.* at *11.[1] *See also Pigg v. Liberty Mut. Ins. Co.*, No. M2007-01940-WC-R3-WC, 2009 Tenn. LEXIS 34, at *14-15 (Tenn. Workers' Comp. Panel Mar. 9, 2009) (satisfying production quotas was a "condition of employment" and a "work rule"); *Carter v. Volunteer Apparel, Inc.*, 833 S.W.2d 492, 496 (Tenn. 1992) ("[I]f Plaintiff's activity, beneficial or not, was a part of her employment, either because of its general nature or because of the particular customs or practices in Defendant's plant, the statute is satisfied."). I see no significant difference between the facts described in *Warren* and those in the present case.

However, given that the precedent noted above pre-dates the 2013 reforms to Tennessee's workers' compensation law, we must consider whether those amendments altered the legal analysis from that reflected in pre-reform cases. As we have noted in prior opinions, one significant change to the definition of the word "injury" requires an employee to prove that the accident arose "*primarily* out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(14) (2016) (emphasis added). In further explaining this phrase, the General Assembly stated that an injury "'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Consequently, the injured worker's burden in proving that an injury arose primarily out of employment is unquestionably higher now than in pre-reform cases. Moreover, a court must no longer apply a liberal interpretation of the statute to resolve close questions in favor of the employee. *See* Tenn. Code Ann. § 50-6-116 (2016).

On the other hand, nothing in the statute requires an employee to present his or her evidence of causation using particular language. A trial judge can evaluate an expert's testimony and other evidence to determine whether it satisfies the statutory requirements as codified in section 50-6-102(14). Thus, I agree with my colleagues that an employee's

_____

[1] I acknowledge that the Panel in *Warren* relied, at least in part, on the statutory mandate that the question of causation be given a remedial interpretation in favor of the injured worker, and that this mandate does not apply to the present case. However, I believe the principle for which the case is cited, i.e., that an accident is compensable if it was caused by a "condition" or "incident" of employment, remains viable.

expert need not couch his or her causation opinion "in a rigid recitation of the statutory definition" in order to support a finding of compensability.

We addressed similar facts in *Hosford v. Red Rover Preschool*, No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014). In that case, the employee reported twisting her right knee when she fell while moving cots from a storage area at work. *Id.* at *3. An MRI revealed a medial meniscal tear. *Id.* at *7. In affirming the trial court's interlocutory order compelling the employer to provide medical benefits, we stated, "the element of causation is satisfied when the 'injury has a rational, causal connection to the work.'" *Id.* at *20 (quoting *Braden v. Sears, Roebuck & Co.*, 833 S.W.2d 496, 498 (Tenn. 1992)). We also noted that an injury "must result from a hazard peculiar to the work *or be caused by a risk inherent in the nature of the work*." *Id.* (emphasis added). We then agreed with the trial court's conclusion that the employee's injury arose primarily out of and in the course and scope of employment. *Id.* at *23.

In the present case, Employee testified without contradiction that Employer's rules required all employees to remove items other than liquids or powders from the floor. It was further uncontested that Employer instructed its employees in what it considered to be the proper body mechanics for bending, stooping, and lifting. In my opinion, such workplace rules created risks "inherent in the nature of the work" and constituted "conditions" of employment. Moreover, according to Dr. Vaughn's medical records, Employee specifically reported that he felt a tearing sensation in his knee while twisting and bending to retrieve a piece of paper from the floor, but *before* his knee gave way and struck the floor. Dr. Vaughn testified that his objective findings and diagnosis of a medial meniscal tear were consistent with Employee's description of the accident. Dr. Vaughn further testified that "usually a meniscal tear is caused by a twisting-type injury" and that Employee reported a twisting motion as he bent down. Finally, Dr. Vaughn stated that the need for surgery arose specifically from the meniscal injury.

In considering Dr. Vaughn's testimony as a whole, I conclude it supports a finding that Employee's medial meniscal tear was caused by the twisting motion he described as he attempted to pick up the piece of paper from the floor in compliance with Employer's rules and instructions. Thus, I believe the preponderance of the evidence weighs in favor of a finding that Employee's work activities contributed more than fifty percent in causing the medial meniscal tear. I would therefore find that Employee satisfied his burden of proving a compensable injury by a preponderance of the evidence and would reverse the trial court and remand the case for an order compelling Employer to provide reasonable and necessary medical treatment for the medial meniscal injury, as well as any temporary disability benefits that may be owed based on the evidence presented at the compensation hearing. In all other respects, I agree with the decision of my colleagues.

3

**FILED**

**May 15, 2017**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 12:15 P.M.**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Samuel Panzarella | ) | Docket No. 2015-01-0383 |
| | ) | |
| v. | ) | State File No. 79681-2015 |
| | ) | |
| Amazon.com, Inc., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of May, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Robert A. Wharton, Jr. | | | | | X | wharton@hjwlawfirm.com |
| Kristen C. Stevenson | | | | | X | kcstevenson@mijs.com |
| Audrey A. Headrick, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

*Matthew Salyer*

Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov